[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15609
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00273-WS-C-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WAYNE SEABURY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 8, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Timothy Wayne Seabury appeals his convictions and total life sentence after a jury trial for conspiracy to possess with intent to distribute crack cocaine, conspiracy to possess with intent to distribute methamphetamine, conspiracy to manufacture methamphetamine, and attempt to manufacture methamphetamine, all in violation of 21 U.S.C. § 846.

On appeal, Seabury raises three issues.  First, he argues for the first time that the district court abused its discretion in excluding his testimony, because it was not offered for the truth of the matter asserted, and the testimony of defense witness Billy Nelson, because it was admissible under the "residual" hearsay exception in Fed.R.Evid. 807.  He also argues for the first time that excluding his and Nelson's testimony violated his right to a fair trial and prevented him from presenting a defense.  Second, he argues that the district court abused its discretion in disqualifying his counsel of choice because no actual or serious potential for conflict existed, and the court ignored available alternatives to disqualification.  Third, he argues for the first time that the district court erred in deviating from the Sentencing Guidelines "without explanation" by sentencing him to a term of life imprisonment.  For the reasons that follow, we affirm.

## I.  The Excluded Testimony at Trial

When an appellant does not contemporaneously object to an evidentiary ruling in the district court, we are limited to review for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). Similarly, when the proper basis for admission is not presented to the district court, we review the district court's evidentiary ruling for plain error only. *United States v. King*, 73 F.3d 1564, 1571-72 (11th Cir. 1996). We have held that an error is not plain when the basis for admission of excluded evidence was not raised at trial. *Id*. at 1572 (addressing Federal Rule of Evicence 806 and explaining that to apply the plain error exception to the contemporaneous objection rule when trial counsel had an opportunity to assert the basis for admission would lead to "the exception swallowing the rule").

The district court does not have discretion to exclude crucial, relevant evidence that is necessary to establish a valid defense. *United States v. Todd*, 108 F.3d 1329, 1332 (11th Cir. 1997). However, a defendant is still required to comply with established rules of procedure and evidence when presenting a full and complete defense. *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989).

Rule 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the

3

truth of the matter asserted.  Fed. R. Evid. 801(c).  Thus, if an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, it is not hearsay.  *E.g.*, *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. Unit B 1981).

Pursuant to Rule 807, "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception" if: (1) the statement has "equivalent circumstantial guarantees of trustworthiness"; (2) it is "offered as evidence of material fact"; (3) it is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (4) "admitting it will best serve the purposes of these rules and the interests of justice."  Fed. R. Evid. 807.

As noted above, we have held specifically that an error is not plain when the basis for admission of excluded evidence was not raised at trial.  *King*, 73 F.3d at 1572.  Here, counsel had an opportunity to argue that Seabury's testimony was admissible because it was not offered to prove the truth of the matter asserted, but he did not.  Thus, because this argument—that the testimony should be admitted because it was not hearsay—was not asserted as a basis for admission, any error by the district court in this respect was not plain.  Similarly, counsel also had an opportunity to argue that Nelson's testimony was admissible under Rule 807, but

4

he did not, so any error by the district court in failing to admit Nelson's testimony under this rule was not plain. *Id*.

Finally, regardless of the excluded testimony, Seabury was able, through the rest of his testimony, to present a valid defense. As a result, we conclude that his right to a fair trial was not violated, nor was he prevented from presenting his defense. *Todd*, 108 F.3d at 1332. Accordingly, we affirm as to this issue.

## II. Disqualification of Counsel

"A trial court's decision to disqualify the defendant's counsel is reviewed for abuse of discretion." *United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007) (internal quotation marks omitted). In applying the abuse of discretion standard, we recognize that a district court has a "a range of choice, and so long as its decision does not amount to a clear error of judgment" we "will not reverse even if we would have gone the other way had the choice been ours to make." *Id*. (internal quotation marks, alterations, and ellipsis omitted).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right [] to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[A]n essential part of that right is the accused's ability to select the counsel of his choice." *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994). "Thus, a criminal defendant has a presumptive right to counsel of

5

choice." *Id*. at 1522-23.  Nevertheless, "while the right to be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Campbell*, 491 F.3d at 1310 (quotation and ellipsis omitted). Thus, a defendant's right to the counsel of his choice is not absolute. *Id*.

"The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." *Ross*, 33 F.3d at 1523. When there exists an actual conflict of interest, "the client is denied effective assistance of counsel, and the attorney may be disqualified." *Id*. Disqualification may be warranted with a potential conflict. "Furthermore, if one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification." *Id*.

In deciding whether a conflict warrants disqualification, we "examine whether the subject matter of the first representation is substantially related to that of the second." *Id*. "Our goal is to discover whether the defense lawyer has divided loyalties that prevent him from effectively representing the defendant."

6

*Id.* If the conflict "could deter the defense attorney from intense probing of the witness on cross-examination," then disqualification is appropriate. *Id*.

Based upon our review of the record, we conclude that the district court correctly determined that there was an actual conflict of interest with regard to Seabury's appointed counsel of choice. As a result, the district court did not abuse its discretion in disqualifying counsel based on that conflict. *See Ross*, 33 F.3d 1523. Nor did it abuse its discretion in determining that counsel should be disqualified, despite Seabury's waiver of the conflict, based on the "nature" and "extent of [the] conflict." *See id*. at 1524 (holding that the district court did not abuse its discretion by refusing to accept the defendant's waiver of his right to conflict-free representation where the court was "confronted with several actual or potential conflicts of interest," which, if recognized, "would have rendered the court's verdict suspect and the [defendant's] assistance of counsel unethical and ineffective"). Accordingly, we affirm as to this issue.

### III.  Procedural Reasonableness of Seabury's Total Life Sentence

We review the reasonableness of sentences imposed under the advisory Sentencing Guidelines under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).

When reviewing the reasonableness of a sentence, we will first ensure "that

7

the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Pursuant to § 3553(c)(1), the district court, at the time of sentencing, "shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is of the kind, and within the [guidelines] range . . . and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1).

The Supreme Court has held that, to comply with § 3553(c)'s requirement of a statement of reasons, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d. 203 (2007). A reflection in the record that the district court considered the objections and arguments of the parties and stated reasons for the sentence imposed can demonstrate that the court considered the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). The appellant has the burden of establishing that the sentence is unreasonable in light of the record and the

8

§ 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Contrary to Seabury's assertion, we conclude from the record that the district court did not depart from the guideline range, which was life imprisonment, and it explained sufficiently the reason for the sentence imposed—it was the statutory mandatory total sentence. Moreover, the district court considered the arguments of the parties, and it stated specifically that the sentence imposed satisfied the objectives set forth in § 3553(a). As a result, Seabury has not met his burden of showing that his within-guideline-range total sentence of life imprisonment was procedurally unreasonable, so we affirm as to this issue. *See Talley*, 431 F.3d at 788; *Rita*, 551 U.S. at 356, 127 S.Ct. at 2468; *Dorman*, 488 F.3d at 944.

For the aforementioned reasons, we affirm Seabury's convictions and total life sentence.

**AFFIRMED.**